# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE, | : | No. 4:15-cv-2072 |
| Plaintiff, | : | |
| v. | : | (Judge Brann) |
| THE PENNSYLVANIA STATE UNIVERSITY, ERIC BARRON, and DANNY SHAHA, | : | |
| Defendants. | : | |
| JOHN DOE II, | : | No. 4:15-cv-2108 |
| | : | Consolidated at No. 4:15-cv-2072 |
| Plaintiff, | : | |
| v. | : | (Judge Brann) |
| THE PENNSYLVANIA STATE UNIVERSITY, ERIC BARRON, and DANNY SHAHA, | : | |
| Defendants. | : | |

# **ORDER**

# **April 4, 2016**

## **FINDINGS & ANALYSIS**

1. On March 18, 2016, the Court held the first portion of a preliminary injunction hearing in this matter.

1

2. The remainder of the preliminary injunction hearing was continued to April 5, 2016 to allow for adequate presentation of the remainder of the evidence.

3. On March 31, 2016, counsel for Defendant The Pennsylvania State University (hereinafter "the University") contacted the Court and requested a telephonic status conference prior to commencing the continued April 5, 2016 preliminary injunction hearing.

4. The Court scheduled a telephonic status conference for this date, April 4, 2016, at 11:00 a.m.

5. During the course of the telephonic status conference, counsel for the Defendants informed the Court that the University will institute material changes to its disciplinary proceedings as applied to its entire student body and will subsequently expunge the results of the specific disciplinary proceedings at issue in this case as to both Plaintiffs. The University, however, reserves its right to initiate subsequent disciplinary proceedings against Plaintiffs, utilizing the amended disciplinary proceedings.

6. As a consequence, Plaintiffs, at this time, are not at a foreseeable risk of incurring any immediate academic sanctions or any collateral consequences as a result of such sanctions.

7. Defendants have filed a Motion to Dismiss Plaintiffs' Motions for Preliminary Injunctive Relief. For the reasons that follow, the Court will grant Defendant's Motion to Dismiss and cancel the remainder of the Preliminary Injunction Hearing.

8. As the Honorable Edwin M. Kosik of this Court, quoting the United States Court of Appeals for the Third Circuit, has previously noted, "[A]n essential prerequisite to the grant of a preliminary injunction is a showing by the movant of irreparable injury pendente lite if the relief is not granted." Johnson v. Ebbert, No. 3:15-CV-578, 2015 WL 1638612, at *2 (M.D. Pa. Apr. 13, 2015) (quoting United States v. Pennsylvania, 533 F.2d 107, 110 (3d Cir.1976)).

9. Judge Kosik went on to summarize the imminent nature of the irreparable injury requirement, as set forth by the Third Circuit, in the following discussion:

> A preliminary injunction "may not be used simply to eliminate a possibility of a remote future injury." Holiday Inns of Am., Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969). "[T]he irreparable harm must be actual and imminent, not merely speculative ." Angstadt ex rel. Angstadt v. Midd–West Sch., 182 F.Supp.2d 435, 437 (M.D. Pa. 2002). "[M]ore than a risk of irreparable harm must be demonstrated. The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat.'" Continental Grp., Inc. v. Amoco Chems. Corp., 614 F.2d 351, 359 (3d Cir. 1980) (citations omitted). "A

        preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent <u>future</u> irreparable harm." <u>Fisher v. Goord</u>, 981 F.Supp. 140, 168 (W.D.N.Y. 1997) (emphasis in original).

10. Although alteration of a defendant's policy mid-litigation in an action seeking injunctive relief from that policy is sometimes insufficient to moot the underlying action itself, <u>see, e.g.</u>, <u>DeJohn v. Temple Univ.</u>, 537 F.3d 301, 309 (3d Cir. 2008), elimination of the threat of irreparable injury suffered by a plaintiff, as here, does often nullify the need for emergency injunctive relief.

11. For instance, in a recent decision, the Honorable Yvette Kane of this Court denied a motion for preliminary injunction as moot where a prisoner had sought to enjoin prison polices that allegedly interfered with his observance of Ramadan, because the plaintiff's "irreparable injury . . . became moot once Ramadan ended." <u>Barros v. Wetzel</u>, No. 1:14-CV-01746, 2015 WL 5785746, at *1 (M.D. Pa. Sept. 29, 2015). Although the plaintiff argued that the motion should not be denied because his observance of Ramadan in subsequent years would be similarly impaired, Judge Kane disagreed, reasoning that the plaintiff "cannot show that he will be injured with the requisite immediacy to warrant a preliminary injunction at this time" and that "the resolution

of this case before the next observance of Ramadan would suffice to protect Plaintiff's interests." Id. Judge Kane emphasized that the plaintiff was "free to re-raise his motion for a preliminary injunction in the future, if this case remains unresolved as the next Ramadan observance approaches." Id.

12. Applying cases such as Johnson and Barros to the facts of the instant matter leads the Court to conclude that the Plaintiffs here no longer suffer from the immediate threat of irreparable injury that they once did. Specifically, upon the nullification of any disciplinary sanctions, the Plaintiffs no longer face academic or collateral consequences. Though the prospect of a future deprivation of constitutional rights may linger in some form, at this point, such a deprivation is wholly speculative and has yet to materialize.

13. In addition, the Third Circuit in DeJohn v. Temple Univ., 537 F.3d 301, 309 (3d Cir. 2008), enumerated two "significant" factors for evaluating mootness that follows from a policy change in the academic setting. Those factors are: (1) the expedience with which the defendant university changes its policy after litigation has commenced and (2) the extent to which the defendant university continues to defend the constitutionality of its prior policy. Id.

14. In the Court's view, the University here as adequately shown a willingness to not only depart from its prior sexual harassment investigation policies in material ways but to do so in an expedient fashion upon the commencement of the instant litigation. Accordingly, applying the factors set forth in the <u>DeJohn</u> decision, I find that the University here has done enough to moot the need for an emergent hearing on the propriety of injunctive relief.

15. The Court remains mindful to carefully cabin its Order. Specifically, the University's policy revisions have not, at this juncture, mooted the underlying dispute. They have only mooted the need for emergency injunctive relief. Cases such as <u>DeJohn</u> provide academic institutions in this circuit with a sense of the extent and materiality of policy revisions that might be necessary to moot in whole an underlying constitutional claim in the public school setting.

16. Moreover, each Plaintiff here is, of course, free to renew his Motion for Preliminary Injunctive Relief at the appropriate time. Defendants should note that the Court would be understandably unhappy to arrive at this very same juncture sometime in the future as a result of the amended policy having done little to bolster the due process rights of accused students and remedy certain shortcomings evident in the

execution of the University's present "investigative model." All of these considerations are, however, determinations for another day.

17. As a constitutional matter, federal courts were conceived of to function as institutions with vast authority, but limited jurisdiction. Failure to abide by the constitutional limitation that federal courts are to decide only those cases or controversies appropriately before them, does, as the late Justice Antonin Scalia observed, "spring forth from . . . [a] diseased root: an exalted conception of the role of this institution in America." United States v. Windsor, 133 S. Ct. 2675, 2698 (2013) (Scalia, J., dissenting). Lastly, as the Honorable Learned Hand, writing for the United States Court of Appeals for the Second Circuit as to the minimalist, restrained approach appropriate of the federal judiciary, once properly admonished, "Nor is it desirable for a lower court to embrace the exhilarating opportunity of anticipating a doctrine which may be in the womb of time, but whose birth is distant; on the contrary I conceive that the measure of its duty is to divine, as best it can, what would be the event of an appeal in the case before us." Spector Motor Serv. v. Walsh, 139 F.2d 809, 823 (2d Cir. 1943), vacated sub nom. Spector Motor Serv. v. McLaughlin, 323 U.S. 101 (1944).

**AND NOW**, this 4th day of April 2016, in accordance with the foregoing findings and analysis, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss Plaintiffs' Motions for Preliminary Injunctive Relief, ECF No. 48, is GRANTED.

2. Plaintiffs' Motions for Preliminary Injunctive Relief, 4:15-cv-2072 ECF No. 3 and 4:15-cv-02108 ECF No. 4, are DENIED AS MOOT.

3. The Temporary Restraining Orders issued by this Court on October 28, 2015 and November 6, 2015 are VACATED.

4. The Preliminary Injunction Hearing scheduled to take place before this Court on April 5, 2016 is CANCELLED.

                BY THE COURT:

                /s Matthew W. Brann
                Matthew W. Brann
                United States District Judge